```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
LENNY ENCARNACION,                   : 11 Civ. 3757 (GHW)(JCF)
                                     :
              Plaintiff,             :    MEMORANDUM
                                     :    AND  ORDER
     - against -                     :
                                     :
ISABELLA GERIATRIC CENTER, EILEEN    :
CASEY, MARIAM PAUL, and EDWIN        :
SANTIAGO,                            :
                                     :
              Defendants.            :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

In this employment discrimination case, the defendants now move pursuant to Rules 38 and 39 of the Federal Rules of Civil Procedure to strike the plaintiff's untimely demand for trial by jury. For the reasons set forth below, the defendants' motion is denied and the case may be tried before a jury.

Background

This action was commenced by the filing of a complaint in New York State Supreme Court, Bronx County on April 19, 2011. (Declaration of Jesse Young dated Aug. 21, 2014 ("Young Decl."), ¶ 3). The defendants removed the case to this Court on June 2, 2011 and submitted their answer on July 11, 2011. (Declaration of Elana Ben-Dov dated Aug. 13, 2014 ("Ben-Dov Decl."), ¶ 3). Neither the complaint nor the answer contained a jury demand.

On June 5, 2014, the Honorable Gregory H. Woods, U.S.D.J., set

a trial date of October 7, 2014. (Order dated June 5, 2014). The plaintiffs filed a demand for trial by jury on June 16, 2014 (Young Decl., ¶ 3), and on August 13, 2014, the defendants moved to strike it.

Discussion

Rule 81(c) of the Federal Rules of Civil Procedure governs jury demands in cases removed to federal court. The rule specifies three situations in which it controls: where a party has expressly demanded a jury trial in accordance with state law prior to removal; where the pertinent state law does not require an express demand for a jury trial; and where all necessary pleadings have been served at the time of removal. Cascone v. Ortho Pharmaceutical Corp., 702 F.2d 389, 391 (2d Cir. 1983).

The facts of this case do not fall into any of the specific categories delineated in Rule 81(c). Neither party demanded a jury trial while the case was pending in state court. The pleadings were not all served prior to removal on June 2, 2011, as the defendants did not answer until July 11, 2011. Lastly, the New York Civil Practice Law and Rules ("CPLR") require a party to affirmatively demand a jury trial in the "note of issue." CPLR § 4102(a). Thus Rule 81(c) does not control in this case.

When, as here, a removed case does not fall under Rule 81(c), courts must look to the general rules governing jury demands in

federal courts, Rules 38 and 39.  <u>Luna v. American Airlines</u>, No. 04 Civ. 1803, 2010 WL 4159402, at *3 (S.D.N.Y. Oct. 12, 2010).

Generally, under Rule 38, a jury trial is waived unless a party makes a timely demand.  <u>Jiminez v. Sullivan</u>, No. 03 Civ. 7293, 2004 WL 3019490, at *1 (S.D.N.Y. Dec. 30, 2004).  The rule provides in part that "[o]n any issue triable of right by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand . . . no later than 14 days after the last pleading directed to the issued is served."  Fed. R. Civ. P. 38(b).  "A party waives a jury trial unless its demand is properly served and filed."  Fed. R. Civ. P. 38(d).  In the present case, there is no dispute regarding the plaintiff's failure to comply with the requirements of Rule 38(b).  (Young Decl., ¶ 3).  Such a failure constitutes a waiver of a jury trial under Rule 38(d), and thus the plaintiff's demand is untimely.  <u>Luna</u>, 2010 WL 4159402, at *3.

Improper and untimely demands for a jury trial are controlled by Rule 39(b) of the Federal Rules of Civil Procedure, which specifies: "Issues on which a jury trial is not properly demanded are to be tried by the court.  But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded."  District courts thus have discretion to order a jury trial even when it was improperly demanded.  <u>See, e.g.</u>, <u>Cascone</u>, 702 F.2d at 392.  While courts should not "overlook" noncompliance

3

with federal procedure in cases removed from state courts, "there is nonetheless some 'play in the joints' for accommodating a removed party who may not be as at ease in the new surroundings imposed upon him." Id.; see also National Union Fire Insurance Co. of Pittsburgh, Pa. v. L.E. Myers Co. Group, 928 F. Supp. 394, 397 (S.D.N.Y. 1996) (observing that where removal has occurred, the case law "provides a somewhat relaxed standard" on the issue of a jury trial demand); Reliance Electric Co. v. Exxon Capital Corp., 932 F. Supp. 101, 103 (S.D.N.Y. 1996) ("The decisional law following Cascone establishes that there is more flexibility where an action is removed."); Jiminez, 2004 WL 3019490, at *2 (finding that "all removed actions are accorded greater leniency" to account for differences in state practice and state practitioners' unfamiliarity with federal procedure).

According such latitude is particularly appropriate here in light of New York state practice. As mentioned above, New York state courts require filing of a jury demand through a note of issue. CPLR § 4102(a). However, as no time is specified for the filing of the note of issue, a party may request a jury up until the point at which a case is actually ready for trial. Turkenitz v. Metromotion, Inc., No. 97 Civ. 2513, 1997 WL 773713 at *5 (S.D.N.Y. Dec. 12, 1997) (citing Cascone, 702 F.2d at 391); Van Zandt v. Uniroyal, Inc., Peerless Tire Division, 529 F. Supp. 482,

4

483-84 (W.D.N.Y. 1982).  Furthermore, a state court may grant a late or improper request for a jury trial "if no undue prejudice to the rights of another party would result."  CPLR § 4102(e); see Cascone, 702 F.2d at 391 (referring to § 4102(e) as "a broad grant of discretionary power").  Thus state practice in New York affords both a significantly longer period for timely jury demands and substantial leeway for the granting of untimely requests.

In Higgins v. Boeing Co., 526 F.2d 1004, 1007 (2d Cir. 1975), the Second Circuit grappled with how to square CPLR § 4102(e)'s "discretionary right" to relief from untimely demands with Rule 81(c)'s treatment of cases removed from states where no express jury demand is required.  The court held:

> this discretionary right must be read into the language of Rule 81(c); it comports also with Rule 39(b).  The framers of Rule 81(c). . . did not expressly consider the gray situation here present where state law permits discretionary relief. . . . [I]n this situation the Rule compels the exercise of sound district court discretion.

Id.; see also Cascone, 702 F.2d at 391-92; CPH International, Inc. v. Phoenix Assurance Co. of New York, No. 92 Civ. 2729, 1993 WL 485356, at *1-2 (S.D.N.Y. Nov. 24, 1993).

Higgins identified three factors that favor granting an untimely request: (1) the action in question was "traditionally triable by jury"; (2) the parties were proceeding on the assumption that there would be a jury trial; and (3) the non-moving party

5

would not be prejudiced by granting of the untimely demand. 526 F.2d at 1007. Subsequent cases have elaborated on these basic factors to take in account a number of other considerations, including: "customary state practice," Rupolo v. Oshkosh Truck Corp., 749 F. Supp. 2d 31, 47 (E.D.N.Y. 2010) (citing Jean ex rel. Vincent-Jean v. 536 Realty Associates, No. 97 CV 5075, 2000 WL 264346, at *2 (E.D.N.Y. Jan. 6, 2000); Jiminez, 2004 WL 3019490, at *2); whether state law would have permitted a jury trial demand "late in the proceedings," id. (citing CPH International, Inc., 1993 WL 485356, at *2); and whether a state court has broad discretion to grant untimely demands, id. (citing Quinlan v. Stryker Corp., No. 09 Civ. 7284, 2009 WL 4729879, at *2 (S.D.N.Y. Dec. 10, 2009); Ammirato v. Duraclean International, Inc., No. 07 CV 5204, 2009 WL 3823342, at *1 (E.D.N.Y. Nov. 16, 2009)); see also Janetos v. Home Depot U.S.A., Inc., No. CV 09-1025, 2012 WL 4364510, at *4 (E.D.N.Y. Sept. 25, 2012).

Here, the plaintiff asserts claims of employment discrimination, which are traditionally triable by jury. See, e.g., Zhao v. State University of New York, No. 04 CV 210, 2008 WL 2949384, at *2 (E.D.N.Y. July 15, 2008) ("[E]mployment discrimination cases are typically tried by a jury.").

The second factor -- the parties' assumptions about whether the case would be tried by a jury -- is less clear. Where the

parties do not share a common assumption about how the case is to be tried, "this factor does not militate either for or against a jury trial." Rupolo, 749 F. Supp. 2d at 48. Here, the record suggests that plaintiff's counsel assumed there would be a jury trial, while defendants' counsel believed there would be a bench trial. (Young Decl., ¶¶ 3-4; Ben-Dov Decl., ¶ 7). Although the plaintiff contests the defendants' assumption, citing various comments by defense counsel regarding the likely outcome of a jury verdict (Young Decl., ¶ 4), such apparently off-hand remarks involving the value of a case cannot be considered dispositive evidence of a party's belief regarding a jury trial. At most, the comments cited by the plaintiff are ambiguous. See Liriano v. Hobart Corp., 162 F.R.D. 453, 455 (S.D.N.Y. 1995) (finding this factor "somewhat ambiguous" where defendant was aware from conversations that plaintiff wanted jury trial and was considering Rule 39(b) motion, but might have assumed from plaintiff's failure to file motion that plaintiff had decided not to seek jury trial). As a result, the second factor does not weigh in favor of either the plaintiff or the defendants in this case. However, even had the parties assumed the case would proceed to a bench trial, this factor "would not overcome 'the traditional preference for jury trials' absent a showing of specific prejudice." Jean ex rel. Vincent-Jean, 2000 WL 264346, at *3 (quoting Baker v. Amtrak, 163

F.R.D. 219, 221 (S.D.N.Y. 1995)).

The third factor, prejudice to the party opposing the untimely demand, is the most significant. Rupolo, 749 F. Supp. 2d at 47 (citing Jiminez, 2004 WL 3019490, at *2; Vincent v. AST Research, Inc., 199 F.R.D. 95, 97 (N.D.N.Y. 2001); Jean ex rel. Vincent-Jean, 2000 WL 264346, at *3); see also Turkenitz, 1997 WL 773713, at *7. Importantly, the relevant inquiry in analyzing the question of prejudice is "not whether [the opposing party] will be prejudiced by a jury trial, but whether [it] will suffer prejudice as a result of the late demand for a jury trial." Janetos, 2012 WL 4364510, at *4 (emphasis in original). Moreover, "a party claiming prejudice [must] make a specific demonstration of prejudice." Id. at *5; see also Jiminez, 2004 WL 3019490, at *2. The defendants proffer generic statements that they "have evaluated and prepared their defense to this case under the assumption that it would be tried by the district judge," and that "the parties engaged in extensive pre-trial discovery on the assumption that this was a bench trial. This case would certainly have been handled quite differently had Defendants known that Plaintiff would seek a jury trial." (Defendants' Memorandum of Law in Support of Motion to Strike Jury Demand ("Def. Memo.") at 8). These representations lack the requisite specificity to demonstrate that the defendants suffered any meaningful prejudice. See Turkenitz, 1997 WL 773713, at *8

8

(finding "such a conclusory assertion of prejudice" insufficient).

However, the defendants do advance two specific claims of prejudice. The first is that they "would have retained a psychiatrist to provide an extensive review of Plaintiff's treatment records to address the issues of causation and severity of any alleged psychiatric impairment for the jury." (Memo. in Support at 9). Second, they assert that it is "likely" that they would have videotaped the plaintiff's deposition "to make maximum effect of the relevant technology for cross-examination purposes." (Memo. in Support at 9).

Some courts have taken into consideration such changes in trial strategy. Janetos, 2012 WL 4364510, at *4. In a few of these cases, similar allegations have been sufficient for courts to find prejudice to parties who had anticipated bench trials. See e.g. Ammirato, 2009 WL 3823342, at *2 (finding prejudice where defendant did not depose several witnesses in anticipation of bench trial); Richards v. Procter & Gamble Manufacturing Co., 753 F. Supp. 71, 73 (E.D.N.Y. 1991) (finding prejudice where defendant had not requested jury in its third-party complaint, deposed plaintiff's expert witnesses, obtained its own experts on damages, or attended plaintiff's and witness depositions). In contrast, other courts have deemed comparable claims too meager to justify striking an untimely jury demand. See e.g. Rupolo, 749 F. Supp. 2d

at 48 (court unconvinced of "substantial" prejudice where defendant's counsel stated only that he would have deposed various witnesses, including authors of expert report); <u>Jiminez</u>, 2004 WL 3019490, at *2 (finding no prejudice where defendants claimed they would have evaluated the claim to insurance carrier differently and made different decisions on evidence and presentation); <u>Liriano</u>, 162 F.R.D at 455-56 (finding defendant's claim of prejudice due to having used cheaper approach to depositions and pre-trial investigation unpersuasive due to lack of detail and defendant's ability to cross-examine plaintiff at trial).

The defendants' assertion of prejudice resulting from their failure to videotape the plaintiff's deposition is unconvincing. The defendants do not explain their basis for believing a videotaped deposition would be admissible as affirmative evidence at trial, nor the reasons that a videotape would be more appropriate for impeachment than a transcript. <u>See</u> <u>Corinthian Media, Inc. v. Putnam</u>, 845 F. Supp. 143, 146 (S.D.N.Y. 1994).

The defendants also argue that they are prejudiced by their failure to retain a psychiatrist. (Def. Memo. at 9). However, as with the previous claim of prejudice, this contention is largely unexplained and undeveloped. The defendants have identified "causation and severity" of the plaintiff's impairment as the issues to which a psychiatrist would testify, but fail to specify

why such testimony would be persuasive only to a jury. (Memo. in Support at 9). Presumably, these issues will be relevant regardless of whether the case is tried before a judge or a jury, and "it is hard to imagine [that this] evidence would be illuminating to a jury but not to a judge." Jiminez, 2004 WL 3019490, at *2; see also Janetos, 2012 WL 4364510, at *4; Rupolo, 749 F. Supp. 2d at 48; Jean ex rel. Vincent-Jean, 2000 WL 264346, at *3. As a result, neither of the defendants' claims of prejudice demonstrate the requisite "undue harm" to strike the plaintiff's jury demand. Janetos, 2012 WL 4364510, at *4.

The Higgins factors thus weigh in favor of allowing a jury trial in this case.

Finally, the defendants complain that the plaintiff never moved for leave to file an untimely jury demand. This failure has caused the defendant no prejudice, however, as all parties have now been heard on the issue. While I in no way condone the plaintiff's delay in demanding a jury trial, the defendants are not without fault. First, they waited over two months after the plaintiff submitted her jury demand to file the instant motion. Second, the defendants had an "easy remedy" under Rule 81(c), which allows a party to request the Court to set a specific date by which the parties must demand a jury trial. Fed. R. Civ. P. 81(c)(3)(A); Turkenitz, 1997 WL 773713, at *8. In granting the plaintiff's

11

belated jury demand, I am guided by the recognition that the right to a jury trial is fundamental and that striking it here would penalize a plaintiff for the procedural errors of counsel. See Aetna Insurance Co. v. Kennedy ex rel. Bogash, 301 U.S. 389, 393 (1937) (noting that courts "indulge every reasonable presumption against waiver" of the right to a jury trial); cf. Landau v. National Railroad Passenger Corp., 97 F.R.D. 723, 725 (S.D.N.Y. 1983) ("behind all of the procedural rules and regulations lurks a hapless client who bears no personal responsibility for this dilemma.").

Conclusion

For the reasons discussed above, this case shall be heard by a jury. The defendants' motion to strike the plaintiff's jury demand (Docket No. 65) is denied.

                              SO ORDERED.

                              /s/ James C. Francis IV
                              JAMES C. FRANCIS IV
                              UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       September 11, 2014

Copies mailed this date:

Jesse Young, Esq.
Bader Yakaitis & Nonnenmacher, LLP
350 Fifth Avenue - Suite 7210
New York, New York  10118

12

Elana Ben-Dov, Esq.
Peckar & Abramson, P.C
70 Grand Avenue
River Edge, NJ 07661